IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00928-CMA-KLM

HBN, INC., d/b/a RE/MAX SOUTHWEST REGION,

    Plaintiff,

v.

ROBERT C. KLINE, and
R & M REALTY, LLC,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Amend Complaint and Add Party** [Docket No. 15; Filed October 31, 2008] (the "Motion"). The Court has reviewed the Motion, Defendants' Response [Docket No. 18; Filed November 20, 2008], Plaintiff's Reply [Docket No. 19; Filed December 5, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

**I.    Background**

This case arises out of numerous franchise agreements entered into by Defendants and Plaintiff in 2000. *See Complaint* [#1-4] at 3. Defendant Robert Kline is the principal and manager of Defendant R&M Realty, LLC, an Arizona limited liability company which does business in Arizona and Colorado. *Id.* Plaintiff asserts five claims for relief against Defendants including breach of franchise agreements, breach of guaranty, breach of

1

promissory note, and breach of the implied covenant of good faith and fair dealing. *Id* at 11-14. Plaintiff now seeks to amend the Complaint to add a claim for fraud against Defendant Robert Kline, to add Mary Kline as a party, and to add claims for fraudulent transfer and conspiracy against Robert and Mary Kline. *Motion* [#15] at 2.

## II. Discussion

Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendants argue that Mary Kline does not have the required minimum personal contacts with the State of Colorado to establish personal jurisdiction, and that therefore, the proposed Amended Complaint is futile because it would be subject to dismissal. *Response* [#18] at 1. The Court may deny a proposed amendment as futile. *See Frank* 3 F.3d at 1365 (citing *Foman*, 371 U.S. at 182). An amendment is futile if it would not survive a motion to dismiss. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive

a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Further, "[a]ny ambiguities must be resolved in favor of plaintiff, giving him 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in his complaint." *Id.*

A federal court sitting in diversity, like in this case, may only assert personal jurisdiction over a defendant if two criteria are met. *See Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007). "First, a federal district court may only exercise personal jurisdiction over a defendant 'who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located.'" *United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002) (quoting Fed. R. Civ. P. 4(k)(1)(A)). Second, an exercise of personal jurisdiction pursuant to state law must comport with the Due Process Clause of the Fourteenth Amendment. *Id.* In Colorado, only one inquiry is necessary, because the Colorado long-arm statute "confer[s] the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions," and its requirements are necessarily addressed under a due process analysis. *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).

The Due Process Clause requires that the courts conduct a two-step analysis of personal jurisdiction. First, the Court must examine "whether the non-resident defendant has 'minimum contacts' with the forum state such that he should reasonably anticipate being haled into court there." *TH Agric. & Nutrition, LLC v. Ace European Group, Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007) (citation and quotation mark omitted). If the defendant has sufficient contacts, the Court then asks "whether the court's exercise of jurisdiction over

3

the defendant offends 'traditional notions of fair play and substantial justice,'" that is, whether the exercise of jurisdiction is "reasonable" under the circumstances. *Id.* (citation and some quotation marks omitted).

The "minimum contacts" requirement of due process may be met in two ways, through either the showing of the existence of general or specific jurisdiction. *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996). As Plaintiff does not argue that Mary Kline is subject to the general jurisdiction of this Court, the Court will not set forth the test for general jurisdiction. Instead, Plaintiff asserts only that Mary Kline is subject to specific jurisdiction in this forum. *Reply* [#19] at 2-5. Accordingly, to determine whether specific jurisdiction over Ms. Kline is appropriate, the Court must examine whether: (1) Ms. Kline purposefully directed her activities at Colorado or its residents or acted in some other way by which she purposefully availed herself of the benefits and protections of conducting business in Colorado; (2) Plaintiff's claims arise out of or relate to Ms. Kline's forum-related activities; and (3) the exercise of jurisdiction is reasonable such that it does not offend traditional notions of fair play and substantial justice. *Impact Prods.,* 341 F.Supp.2d at 1190.

In support of its argument that the Court possesses personal jurisdiction over Mary Kline, Plaintiff alleges the following: (1) Robert Kline fraudulently transferred certain real estate to Mary Kline on October 5, 2007 for no or nominal consideration; (2) Mary Kline's actions in participating in the fraudulent transfer and conspiracy caused Plaintiff damage in Colorado; (3) Mary Kline called Jeff Lagrange, the Franchise Development Consultant for Plaintiff, in Colorado on December 21, 2007; and (4) Mary Kline visited Denver, Colorado from August 17, 2007 to August 20, 2007 to attend a RE/MAX conference.

4

*Proposed Amended Complaint* [#15-2] at 11; *Reply* [#19] at Ex. A. Plaintiff further alleges that "Mary Kline's marriage to Robert Kline, her knowledge of his relationship with RE/MAX, her part of the establishment of the 'marital community,' her 'insider' status as the transferee of the fraudulent transfer and the vehicle by which Robert Kline places his assets outside of the reach of RE/MAX as a creditor, forms the basis of the tortious activity purposefully directed by Mary Kline at RE/MAX in Colorado." *Reply* [#19] at 3-4.

Having reviewed the authority provided by the parties and the evidence presented by Plaintiff, the Court believes further information is necessary before a definitive ruling on personal jurisdiction in Colorado can be made. Although Defendants argue that the amendment would be futile because the Court allegedly lacks personal jurisdiction over Mary Kline, the Court finds that such a determination is more properly made upon a disposition of the merits of the claims. That is, based on the evidence currently presented, the Court is not persuaded that the addition of Mary Kline as a defendant is wholly "futile." Plaintiff has presented evidence regarding Mary Kline's connection with and visit to Colorado, as well as evidence that she was involved in Robert Kline's business dealings with Plaintiff. Considering that leave to amend should be freely granted, the Court finds that allowing amendment is, at this stage of the proceedings, in the interests of justice. Therefore, the Court will allow Plaintiff to amend its Complaint to add Mary Kline as a defendant, and will leave the question of personal jurisdiction to be decided on a fully briefed motion to dismiss.[1]  *See Murray v. Sevier*, 156 F.R.D. 235, 258 (D. Kan. 1994) (finding that a motion to amend to add individual defendants should be granted even in light

---

[1] The Court expresses no opinion on the merits of such a motion.

of its "doubts" concerning personal jurisdiction); *Speedsportz, LLC v. Menzel Motor Sports, Inc.*, 2008 WL 4632726, at *2 (N.D. Okla. Oct. 17, 2008) (unpublished decision) (finding that the question of personal jurisdiction is more properly decided in the context of a motion to dismiss, and granting the motion to amend); *Phillips v. Coes*, 2007 WL 4269027, at *2 (D. Colo. Nov. 29, 2007) (unpublished decision) (finding that the plaintiff should be permitted to amend her complaint even though the defendants asserted that the court lacked personal jurisdiction over certain of the defendants).

Accordingly, IT IS HEREBY **ORDERED** that Plaintiff's **Motion for Leave to Amend Complaint and Add Party** [Docket No. 15; Filed October 31, 2008] is **GRANTED**. Plaintiff's Amended Complaint [Docket No. 15-2] is **accepted for filing** as of the date of this Order.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: March 5, 2009