IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00928-CMA-KLM

HBN, INC., d/b/a RE/MAX SOUTHWEST REGION,

    Plaintiff,

v.

ROBERT C. KLINE, and
R & M REALTY, LLC,

    Defendants.

_____

### ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Compel Robert C. Kline** [Docket No. 26; Filed February 4, 2009] (the "Motion"). The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

Plaintiff moves to compel Defendant Robert Kline to respond to Plaintiff's interrogatories numbered 9, 10 and 11, as well as produce documents responsive to Plaintiff's fifteen requests for production of documents. *Motion* [#26] at 2-5. Defendant Robert Kline[1] has not filed a response to the Motion.

Although Defendant is currently proceeding *pro se*, it still remains true that

---

[1] The Court is aware that the claims against Defendant R&M Realty, LLC have been stayed by the filing of a bankruptcy in Arizona [Docket No. 17; Filed November 14, 2008]. However, the claims against Defendant Robert Kline, individually, have not been stayed. *See Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984) (finding that a bankruptcy proceeding does not "extend [a] stay to causes of action against solvent co-defendants of the debtor" (citations omitted)).

Defendant removed this case to federal court and must participate in the adjudication of this case, including responding to discovery, complying with Court Orders, and participating in the adjudication of pending motions. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting that a *pro se* litigant is not excused from compliance with the requirements of the Federal Rules of Civil Procedure). Further, it is the non-moving party's burden to show why a discovery request is objectionable. *See Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003). In addition, failure to respond to a motion to compel is generally deemed to be a waiver of any previously asserted objections to the requests at issue. *See Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 fn. 15 (D. Kan. 2005) (citations omitted). Finally, the Court notes that on December 17, 2008, Plaintiff's counsel mailed a letter to Defendant, wherein he observed that Defendant's lawyer had recently withdrawn from the case and reminded Defendant that he was now "personally responsible for administration of claims involving [Defendant Kline], personally." *Motion* [#26] at Ex. A. The letter further stated that if Defendant failed to respond to Plaintiff's discovery requests, such failure would potentially be brought before the Court. *Id.* Accordingly, the Court finds that Defendant was on notice that he had an obligation to respond to the discovery requests, but failed to respond as required by the Federal Rules of Civil Procedure. Therefore, Defendant has waived any previously asserted objections to the discovery requests at issue and has failed to meet his burden to show why the discovery requests are objectionable. *See Klesch & Co.*, 217 F.R.D. at 524.

Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's Motion to Compel Robert C. Kline** [Docket No. 26; Filed February 4, 2009] is **GRANTED**.

IT IS FURTHER **ORDERED** that on or before **March 16, 2009**, Defendant Robert

Kline shall respond in full to Plaintiff's interrogatories numbered 9, 10 and 11, and shall produce documents responsive to Plaintiff's fifteen requests for production of documents. Defendant is warned that a failure to comply with any Court order may result in the imposition of sanctions against him.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: March 5, 2009